UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                     |   |                           |
|---------------------|---|---------------------------|
| KEVIN HOLMGREN,     | : |                           |
|   plaintiff,        | : |                           |
|                     | : |                           |
|     v.              | : | CASE NO. 3:17-cv-937 (AVC)|
|                     | : |                           |
| C/O FORTIN, ET AL., | : |                           |
|   defendants.       | : |                           |

## RULING AND ORDER

The plaintiff, Kevin Holmgren, filed this case pro se under 42 U.S.C. § 1983. On June 6, 2017, the court received his complaint and on July 10, 2017, the court granted his motion to proceed in forma pauperis. Holmgren names as defendants: correctional officer Fortin, correctional officers John Doe #1-#4, lieutenant Rivera, lieutenant Mendillo, captain John Doe, Walsh and correctional officer Pane. Holmgren asserts claims for violation of his First, Fourth and Fourteenth Amendment rights as well as violation of Department of Correction directives. He seeks compensatory and punitive damages from all defendants.

## FACTS

The complaint alleges the following facts. The incident giving rise to this action occurred while Holmgren was a pretrial detainee at Hartford Correctional Center. On November

7, 2016,[1] Holmgren was arrested by the Wethersfield Police Department on charges of larceny, forgery and failure to appear. He was held overnight at the police department and brought to court for arraignment the following day.

On the morning of November 8, 2016, Holmgren complained that he was experiencing chest pains as well as alcohol and heroin withdrawal. Holmgren was taken to Hartford Hospital for treatment and detoxification. He then was released for arraignment. Holmgren was ordered held on bond, admitted to the custody of the Connecticut Department of Correction, and transported to Hartford Correctional Center. The court ordered that the correctional facility be notified by mittimus of Holmgren's medical and detoxification needs. From November 8, through December 1, 2016, Holmgren was experiencing the effects of alcohol and heroin detoxification, including vomiting and dizziness.

Upon arrival at Hartford Correctional Center, Holmgren was ordered to sit on benches with the other inmates to have restraints removed by the judicial marshals. After his

---

[1] Throughout the complaint, Holmgren indicates that the events may have occurred on the day following the day he lists. See, e.g., Compl., ¶ 17, "(also could be 11-8-2016)".

2

restraints were removed, Holmgren began to feel dizzy and laid down on the bench. A few moments later, the defendant, Fortin, ordered Holmgren to move to an adjacent "bullpen." Holmgren stated that he could not do so. By this time, the judicial marshals had given the defendant, Doe #4, who was standing in direct view of Holmgren, the mittimus regarding his medical conditions.

Fortin grabbed Holmgren by the back of his shirt, lifted him into the air and slammed him, face first, to the concrete floor. Then Fortin stomped on Holmgren's lower back. Fortin lifted Holmgren into the air and carried him to the bullpen and again slammed him, face first, to the floor. Holmgren experienced severe pain and began to vomit. He was not provided any medical treatment. No defendant reported the incident as required under Administrative Directive 6.6.

The defendant, Doe #1, called Holmgren to an adjacent officer for processing. He called Holmgren a "crackhead" and made a threatening gesture.

Holmgren was then directed to another area to be strip searched by the defendants, Doe #2 and Doe #3. The officers ordered Holmgren to remove all of his clothing, squat and spread his buttocks and then open his mouth. Doe #2 and Doe #3 noticed

approximately seventeen heart monitor stickers on his chest and
ordered Holmgren to remove them.  The removal was painful as
Holmgren had much chest hair.  Holmgren was not permitted to use
the adjacent shower area to facilitate removal of the stickers.
Although there were no stickers in his groin area, Holmgren was
not permitted to put on his boxers for about ten minutes.

    On Monday, November 14, 2016, Holmgren reported the
incident to the defendant, Rivera.  After reviewing the camera
footage, Rivera placed Holmgren in restrictive housing and, on
November 16, 2016, he was transferred to New Haven Correctional
Center.

    Holmgren submitted a grievance regarding the incident.  The
defendant, Walsh, at first failed to respond to the grievance
and then responded incorrectly.

    While at New Haven Correctional Center, the defendants,
captain Doe, Mendillo and Pane, interviewed Holmgren.  Holmgren
learned through a Freedom of Information request that there are
no reports of the incident.

    Holmgren filed another federal lawsuit in 2014.  He
believes that one defendant in that action, counselor supervisor
Violette, was transferred to Hartford Correctional Center.
Holmgren stated that, while he was at Hartford Correctional

Center his security risk score was raised and assumes that counselor supervisor Violette, who is not a defendant in this case, was responsible.

While at New Haven Correctional Center, correctional counselor Coleman and counselor supervisor Teriolo refused to email documents to the court and destroyed motions he filed in his other federal case. Neither person is a defendant in this case.

## **STANDARD**

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly,

550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## DISCUSSION

Holmgren asserts the following claims:[2] (1) Fortin and Does ##1-4 violated his Fourteenth Amendment right to due process by subjecting him to the use of excessive force and failing to intercede on his behalf; (2) Does ##2-3 subjected him to an illegal search in violation of his Fourth Amendment rights; (3) all of the defendants failed to report the **incident as required** under Administrative Directive 6.6; (4) Walsh violated his First Amendment right of access to the courts and Fourteenth Amendment

---

[2] While Holmgren includes allegations against counselor supervisors Violette and Teriolo and counselor Coleman, they are not defendants in this case. Thus, any possible claims against them are not before the court and

right to due process by failing to properly process his grievance; and 5) Rivera, captain Doe, Mendillo and Pane failed to properly investigate the incident.

## I. **Excessive Force and Deliberate Indifference to Safety**

Holmgren was a pretrial detainee at the time of the incident. Thus, his excessive force claim is considered under the Fourteenth Amendment. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). A pretrial detainee asserting an excessive force claim under the Fourteenth Amendment need only meet an objective standard. He can do that by showing "that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015).

Holmgren alleges that he was unable to move from the bench and, in response to his statement that he could not move, the defendant Fortin slammed him to the floor face first and stomped on his lower back. This allegation is sufficient to state a plausible claim for use of excessive force against a pretrial detainee.

The complaint sufficiently alleges that the defendants Doe ##1-4 were present in the processing area while Fortin was using

---

not considered in this ruling.

7

excessive force, but did not intercede on Holmgren's behalf. The second circuit has applied the reasoning in Kingsley to claims for deliberate indifference to safety, conditions of confinement and medical needs claims. Darnell, 849 F.3d at 33, n.9. The court held that a "pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable case to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Id. at 35. The allegations are sufficient to show that the Doe defendants failed to act to mitigate the harm caused by Fortin's actions. Accordingly, deliberate indifference to safety claims will proceed against Does ##1-4.

**II. Illegal Search**

Holmgren alleges that his strip search was performed by two correctional officers instead of the customary one and that he was not permitted to put on his boxers for ten minutes. Courts have upheld strip searches as reasonable security measures, even when probable cause for the searches was absent, as long as the searches were related to a legitimate penological interest. Florence v. Board of Chosen Freeholders of County of Burlington,

8

566 U.S. 318, 339 (2012) (holding that strip-search procedure applied during intake process at prison facility to detainee arrested for minor offense was reasonably related to need of prison facility to maintain security and did not violate Fourth Amendment). As in Florence, the search here did not involve any touching by the defendants or abusive practices. Thus, Holmgren fails to state a plausible Fourth Amendment claim.

III. **Failure to Report**

Holmgren alleges that the defendants failed to report the incident as required by Department of Correction Administrative Directive 6.6. Although the second circuit has not yet determined whether violation of a prison directive supports a cause of action under section 1983, other courts considering the issue have held that it does not. See Dickerson v. Jordan, 34 F. App'x 962 (5th Cir. 2002) ("An allegation that prison officials failed to follow prison policy, without more, does not state a constitutional cause of action."); Barry v. Sidwell, No. 1:14-cv-01405-TWP-TAB, 2014 WL 4988014, at * (S.D. Ind. Oct. 6, 2014) ("violations of prison rules or regulations do not give rise to a private cause of action"); Ward v. Mrs. Hammond, P.A., No. CCB-03-3682, 2007 WL 1073700, at *3 (D. Md. Mar. 30, 2007)

9

("Violations of prison directives do not in themselves give rise to a § 1983 claim…").

Holmgren alleges only that the defendants failed to report the incident. After he reported the incident himself, Rivera reviewed the video footage. There are no allegations that any of the defendants interfered with any investigation of the incident. The court concludes that Holmgren's allegations regarding compliance with prison directives fail to support a cognizable claim.

## IV. Access to the Courts

Holmgren contends that Walsh violated his right of access to the courts by failing to properly respond to his grievances. Utilization of a prison grievance system is not protected by the First Amendment right to petition the government for redress of grievances. See Johnson v. Varney, No. 04-CV-10204, 2007 WL 900977, at *1 (S.D.N.Y. Mar. 22, 2007) ("While a prisoner's right of meaningful access to the courts is clearly protected by the First Amendment right to petition the government, the same cannot be said for a prison grievance system [since] the prisoner ha[s] other avenues available to raise his claims such as his right to seek meaningful relief in court." (citation omitted), aff'd, 360 F. App'x 199 (2d Cir. 2010); see also Flick

v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (recognizing right of access to courts not compromised by prison's refusal to entertain a grievance).

Further, Holmgren has no constitutionally protected right to have his grievance handled properly. See Kalican v. Dzurenda, No. 3:12-cv-1009(SRU), 2015 WL 1806561, at *6 (D. Conn. Apr. 21, 2015) (holding that inmates have no right to have grievance investigated or grievance procedures followed); see also Overhold v. Unibase Data Entry, Inc., 221 F.3d 1335, 2000 WL 799760, at *3 (3d Cir. 2000) (holding that inmates have no constitutional right to effective grievance procedures and that failure to respond to grievances fails to state cognizable claim). The claims against Walsh are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**V.   Failure to Investigate**

Finally, although he alleges that Rivera reviewed video footage of the incident, Holmgren argues that the defendants, captain Doe and Rivera, Mendillo and Pane, failed to investigate the incident. As he has alleged facts suggesting some form of investigation was done, the court assumes that Holmgren is dissatisfied with the investigation conducted.

11

Holmgren has a right to submit his claims for investigation.  He did that.  He does not have a constitutionally protected right to a particular level of investigation into those claims.  See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768-69 (2005) (stating that victim of a crime has no procedural or substantive due process interest in investigation or prosecution of perpetrator); see also Nieves v. Gonzalez, No. 05-CV-175(SR), 2006 WL 758615, at *4 (W.D.N.Y. Mar. 2, 2006) ("courts within the Second Circuit have determined that '[t]here is … no constitutional right to an investigation by government officials'") (citation omitted); Santossio v. City of Bridgeport, No. 3:01CV1460(RNC), 2004 WL 2381559, at *4 (D. Conn. Sept. 28, 2004) (the United States Constitution does not grant plaintiffs a right to an adequate investigation"). Holmgren's final claim is dismissed.

## CONCLUSION

The court enters the following orders:

(1)  The claims for illegal search, failure to report the incident, failure to investigate and denial of access to the courts are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The clerk is directed to terminate the defendants, lieutenant Rivera, lieutenant Mendillo, captain Doe, Walsh and correctional

12

officer Pane, from this case.  The case will proceed on the excessive force and deliberate indifference to safety claims against the defendants, correctional officers Fortin and John Does ##1-4.

(2)  **The clerk shall** verify the current work address of the defendant, Fortin, with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at that address within **twenty-one (21) days** of this order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  **The clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(4)  **The clerk shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)  The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty**

**(60) days** from the date the waiver form is sent.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He also may include any and all additional defenses permitted by the federal rules.

(6)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests are not filed with the court.

(7)   All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)   If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.

It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendants or their attorney of his new address.

(10) The court cannot effect service of the complaint on defendants Doe ##1-4 without their full names and current work addresses.  The plaintiff is directed to obtain this information during discovery and file a notice with the required information.

**SO ORDERED** this 13th day of July 2017 at Hartford, Connecticut.

                                            /s/
                                    Alfred V. Covello
                                    United States District Judge