UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| KEVIN HOLMGREN, | : |  |
|---|---|---|
| Plaintiff, | : |  |
| v. | : | Case No. 3:17CV937(RNC) |
| FORTIN, | : |  |
| Defendants. | : |  |

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Pending before the court is the plaintiff's motion to compel. (ECF #37.)[1] The plaintiff's motion to compel (ECF #37) is granted in part and denied in part as follows:

1. Production Request 12 requests the duty roster for the date of the incident. The defendants do not object. The request is granted absent objection.

2. Request for Production 13 requests that "all defendants be made available for deposition." Defense counsel responds that the plaintiff has not noticed the defendants' depositions, but defendants do not object to being deposed "subject to availability." A court order is not required to notice a deposition and, therefore, plaintiff's request is denied.[2]

---

[1] The defendants initially did not file an opposition. The court ordered them to show cause why the plaintiff's motion to compel should not be granted. (ECF #43.) The defendants thereafter filed a response. (ECF #44.)

[2] A deposition is a means by which a party may obtain information to prepare for trial by questioning a witness who is

If the plaintiff decides to depose one or more of the defendants, he should begin by contacting defendants' counsel to arrange a time and place for the deposition. The plaintiff must give the defendants' attorney a written notice of the deposition, which includes the date, time and place of the deposition, the deponent's name, and the method for recording the testimony, i.e., audio, audio-visual, or stenographic. Rule 30(b)(1). The plaintiff also must arrange for a court reporter or stenographer, the costs of which he must bear. Rule 30(b)(3). The costs of deposition are not covered by the *in forma pauperis* statute.

3. Request for Production 14 requests a copy of the "Admittance Mittimus" for the date at issue. The defendants do not object. The request is granted absent objection.

4. Request for Production 15 seeks videos of certain areas of the Hartford Correctional Center on the date of the incident. The defendants object in part. They agree that the plaintiff may view the videos, but they object to the plaintiff taking possession of the videos for reasons of safety and security because they depict the interior of a correctional facility. Where an inmate has requested possession of a video of a correctional facility, such objections have been sustained based on an evidentiary showing

---

under oath. The deposition is recorded by a court reporter or stenographer and customarily occurs in a conference room. The plaintiff is directed to Rule 30 of the Federal Rules of Civil Procedure which governs depositions.

2

such as an affidavit attesting to specific security concerns. See Florer v. Schrum, No. C11-5135 BHS/KLS, 2012 WL 2995071, at *4 (W.D. Wash. July 23, 2012)(holding that inmate may view video recording of a correctional facility but not possess the video because of "bona fide security justifications for limiting Plaintiff's access to the surveillance video" citing to an affidavit by the Director of Security for the Washington State Department of Corrections). The court does not have the benefit of such a showing in this case.[3] If the plaintiff wishes to view the videos, he should contact defendants' counsel. If the plaintiff wants to pursue a motion to compel production of videos, he may refile his motion after meeting and conferring with defense counsel in an attempt to resolve any dispute. At this juncture, the plaintiff's request for the videos is denied without prejudice.

As to any future discovery disputes that might arise, the court reminds the parties of their obligation to meet and confer pursuant to D. Conn. L. R. Civ. 37 to resolve their discovery disputes without the need for judicial intervention.

SO ORDERED this 6th day of September 2019 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[3]The court notes that the plaintiff in this case is no longer incarcerated.