## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KEVIN HOLMGREN,
    *Plaintiff*,

v.

FORTIN et al,
    *Defendants*.

No. 3:17-cv-937 (VAB)

## RULING ON MOTION FOR APPOINTMENT OF COUNSEL

On June 6, 2017, Kevin Holmgren ("Plaintiff") filed a Complaint against several officials of the Connecticut Department of Corrections ("CT DOC") for alleged abuse suffered while he was detained and incarcerated in early November 2016. Compl., ECF No. 1 (June 6, 2017). Mr. Holmgren has alleged that the actions of the CT DOC officials violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution as well as CT DOC regulations. *Id.* ¶ 13.

On June 10, 2020, Sarah Steinfeld, filed a notice of appearance as Mr. Holmgren's counsel for the limited purpose of assisting him with the assessment of relevant records. Notice of Appearance, ECF 76 (June 10, 2020). Ms. Steinfeld made clear that she was not representing the plaintiff outside of this limited capacity; consequently, Mr. Holmgren remained a *pro se* plaintiff under 42 U.S.C. § 1983. *Id.* Ms. Steinfeld filed a motion to withdraw as counsel on September 14, 2020, Mot. to Withdraw, ECF No. 84 (Sept. 14, 2020), which the Court subsequently granted. Order, ECF No. 85 (Sept. 15, 2020).

On October 2, 2020, Mr. Holmgren filed a motion to appoint counsel. Mot. for Appointment of Counsel, ECF No. 87 (Oct. 2, 2020) ("Mot. for Appoint."). For the following reasons, the motion for appointment of counsel is **DENIED**.

1

I.  **STANDARD OF REVIEW**

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case.") (citation omitted). Rather, the decision to appoint *pro bono* counsel in a civil case is discretionary. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (holding that district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case) (internal citation omitted); *see also* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added). In addition, the Second Circuit has cautioned the district courts against routinely appointing *pro bono* counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 174 (2d Cir. 1989).

In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "first determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61. In *Cooper,* the Second Circuit made clear that "[e]ven where the indigent [litigant's] claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim." *Cooper*, 877 F.2d at 172*; Carmona v. U. S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit); *cf. Johnston v. Maha,* 606 F.3d 39, 41–42 (2d Cir. 2010) (finding the legal issues raised by the *pro se* plaintiff satisfied the threshold requirement and were complex enough to warrant appointment of counsel).

If the movant satisfies that threshold requirement, the court must then consider the merits of his claims and determine whether his position "seems likely to be of substance." *Hodge,* 802 F.2d at 61. If the claims are sufficiently meritorious, the court should then consider other factors

2

bearing on the need for appointment of counsel, including the movant's "ability to investigate the facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . , the [movant's] ability to present the case, [and] the complexity of the legal issues involved." *Id.* at 61–62.

## II.   DISCUSSION

In determining whether an appointment of *pro bono* counsel is warranted, the Court must consider whether Mr. Holmgren's legal claim is "likely to be of substance." *Hodge*, 802 F.2d at 61. The Court finds that it is not.

On November 18, 2019, before this case was transferred to this Court, Judge Alfred Covello denied Mr. Homlgren's second motion to proceed *in forma pauperis*. Order, ECF No. 57 (Nov. 18, 2019) ("Order 57"). Citing his denial of Mr. Holmgren's first motion to proceed *informa pauperis*, ECF No. 52 (Oct. 3, 2019) ("Order 52"), Judge Covello stated that Mr. Holmgren's claims did not meet "the good faith standard for an appeal." *See* Order 57 (quoting *U.S. v. Farley*, 238 F.2d 575, 576 (1976) ("if on consideration the trial judge is conscientiously convinced that there is no substantial question for review and that an appeal will be futile,... or if he is convinced that there is no 'reasonable basis' for the claims of alleged error,... it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith")). The Plaintiff has not provided any additional information for this Court to come to a different conclusion.

The Court also takes into consideration the significant delays in this litigation. This case was on the docket for nearly three years before being transferred to this judge and the Court set a trial schedule more than four months ago. Even though, Mr. Holmgren at one point pursued

3

settlement through U.S. Magistrate Judge Merriam, and he did not comply with all of the orders issued by Judge Merriam. *See, e.g.* Order, ECF No. 86 (Sept. 25, 2020) ("The Court also cautioned that it would not proceed with the . . . settlement conference without the necessary materials. Plaintiff responded to this email: 'Will do.' The Court received an ex parte statement from defendant on the evening of September 24, 2020. . . . No ex parte statement has been received from plaintiff."). While Mr. Holmgren, of course, is under no obligation to participate in settlement discussions, given the significant passage of time since the initial filing of this case, and the absence of any indication of the underlying merits of this case, this failure to comply with court orders further suggest that the appointment of counsel is unwarranted.

## III.   CONCLUSION

For the foregoing reasons, the Mr. Holmgren's motion for appointment of counsel is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut this 9th day of October 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE